May it please the Court, my name is Jonathan Milling and I represent Darrell Washington in connection with this appeal from the District Court of South Carolina. Your Honors, last summer, our Supreme Court issued two really important decisions as it relates to the Sixth Amendment in the context of sentencing. The first was a lien, or Allen, depending upon pronunciation, which addressed the ability of the District Court to review facts which increased a mandatory minimum in a case. The other is the DeCamps case, which in the context of the Armed Career Criminal Act, or ACCA, addressed what facts a District Court can look at in analyzing or evaluating a prior conviction to determine whether or not it is properly a predicate act or predicate offense under the ACCA statute. Why don't you get you one of those glasses, Mr. Milling, it might make it easier for you. I don't want you to be uncomfortable. I'm okay. Thank you, Your Honor. When we look at both the Allen case and the DeCamps case, while they look at the Sixth Amendment in different contexts, both of them are important to Mr. Washington's scenario, or Mr. Washington's situation. With respect to Mr. Washington, we've got a conviction in Count 1, which was a conspiracy count, a violation of 841 and 846, and the breadth with which the government outlined the conspiracy count was from 2000 until present, or 2012. He has a conviction, facts giving rise to the conviction occurred in December 2003, the conviction occurred in December of 2004. Under the status of this court's law, under Howard and Smith, it can give rise to a predicate offense under an 851 enhancement, which was properly filed in this case, if the defendant engaged in conduct as a part of that conspiracy subsequent to the date of conviction. In that regard, it's very similar to the ACCA case, the DeCamps case that the Supreme Court addressed, which dealt with what a court or a district court can look at in evaluating whether or not this is a proper predicate offense. In the DeCamps case, the Supreme Court analyzed what the Ninth Circuit was doing in not necessarily the modified categorical approach, not necessarily the categorical approach, but a third approach taken where the California or the Ninth Circuit was allowing district courts to look at a broad statute to determine whether or not the facts of that particular offense fell within the generic offense which was defined or prescribed in ACCA. And the Supreme Court in DeCamps goes through a very detailed analysis in what can and cannot be reviewed in the context of a prior conviction and says, listen, we're going to want a file of the Sixth Amendment if we start getting into the facts of this offense. This is very consistent with the Alston case that I cited in my brief from this court where this court, in the context of North Carolina v. Alford, says, listen, we can't go back and look at the underlying transcript and determine what might or might not have been admitted to by the defendant in that particular case in determining whether or not under ACCA it is a proper predicate offense. And that's really the problem that we've got with respect to Mr. Washington's situation is it was not the jury who made a determination beyond a reasonable doubt, but rather Judge Anderson made it. Mr. Milley, how do you reconcile that argument with the jury's determination of count 23? Count 23 was, as I recall, one of the counts where it was a search warrant which was executed at his residence. Just because someone commits a substantive offense, just because someone is found to be in possession or possession with intent to distribute narcotics on a particular date does not necessarily mean that he committed an act as a part of or in furtherance of that count one conspiracy. And I think that's what we have to look at, Your Honor. But wasn't he convicted of the conspiracy? He was convicted of the conspiracy. Okay, so he was convicted of this 12-year conspiracy. Yes, sir. And he was convicted of an act in furtherance of the conspiracy long after his prior convictions. Well, he was convicted of the conspiracy and he was convicted of an account or a count, I believe it was in count 23 in 2011, which wasn't necessarily in furtherance of that conspiracy. It was after the date of the conviction. I don't disagree with you there. So is that what your argument comes down to? That the judge found that sentencing, that his possession in count 23 was in furtherance of? I think that in this particular case, the defendant was, and there was evidence presented, I can't dispute the fact that there was evidence presented of him engaging in illegal conduct subsequent to 2004. And the jury found him guilty of it? The jury did find him guilty of those substantive counts. So what's left? The in furtherance of? Yes, sir, Your Honor. So that's really what your argument comes down to? Just because a defendant also engages in other criminal conduct does not necessarily mean that that criminal conduct was a part of or in furtherance of that conspiracy, which is what really Howard and Smith outlined that we have to find first. So your argument is that there needed to be a special jury interrogatory. We never asked the jury in a special interrogatory whether something was in furtherance of the conspiracy. That's left for argument by counsel and legal rulings. But for purposes of sentencing, your argument is that the jury needed to find, make a special finding that that count 23 conviction was in furtherance of the conspiracy. They don't necessarily need to find that the count 23 conspiracy was in furtherance of the conviction because I think they clearly could have found other acts in furtherance of the conspiracy. Yes, sir. I'm focused on count 23 because it seems like the easiest argument for the government here. Well, and certainly, and this is something that the government points out in their brief, there was evidence presented during the trial in the case of Mr. Washington's continuing criminal conduct subsequent to the 2004 conviction. I can't argue with that. Which constituted participation in the conspiracy, or so the jury could have found. And then what's the basis for us questioning the jury's finding in that regard? It's not questioning the jury's finding with respect to guilt on count 23. No, I mean in respect to the continued participation in the conspiracy, as evidenced by their conviction on count 23. Well, and your honor, I would just submit that I don't believe that if we're looking solely at the count one conviction, and what does that tell us? After the fact, we're looking just at the conviction. The verdict form tells us that the jury found that sometime between 2000 and 2012, that the defendant, Darrell Washington, engaged in a conspiracy to distribute or possess from intent to distribute these illegal drugs, 5 kilos or more of cocaine, and 280 grams or more of crack cocaine. Actually, no, I don't think the verdict tells us that at all. It tells us that the conspiracy existed during that time, right? Yes, sir. And wouldn't he, well, go ahead, I've taken up enough of your time. Oh, no sir, not at all. But I think that there are a number of different ways that we can address protection of the jury under the Sixth Amendment. I think that the government, and you know, this is a situation where the government drafts the indictment. The government makes the allegations, and quite frankly, if we look at the other substantive counts in the indictment, everything else starts at 2009, and yet the government decides to reach back to 2000. Had the government drafted the indictment to read from the summer of 2005 forward, we don't have an issue, because necessarily with that finding, the jury would have had to have concluded that the defendant engaged in criminal conduct as a part of the conspiracy subsequent to the conviction. But by drafting it back to 2000, it opens the door subject to interpretation as to whether or not the defendant as a part of this conspiracy. We don't know where the drugs came from in Count 23. We don't know whether or not that was a part of the criminal conspiracy, because the jury was not asked that question. But I think the jury can be asked that question, whether it's as a part of a special interrogatory, where it's posed to them whether or not they found that the defendant, without reference to the prior conviction, whether or not the defendant engaged in conduct as a part of or in furtherance of the conspiracy subsequent to a date, 2005. Okay, so to go back to Judge Davis's question, your position is it requires a specific, in this type of context, it requires a specific finding by the jury that there was criminal activity after the particular date of the conviction. I think so, yes, sir, your honor. In order to make sure, if we look at a lien, if we look at the camps and how they have defined elements of the offense, and clearly that is something that impacted Mr. Washington's mandatory minimum. It drove the mandatory minimum from 10 years up to 20 years, that simple finding. Not the existence of a prior conviction, which under Apprendi and Almendarez-Torres, I can't argue here, but whether or not the defendant engaged in conduct as a part of the conspiracy subsequent to that conviction really opens the door with the Sixth Amendment argument. And making the jury make that finding as opposed to the district court comports with the Sixth Amendment requirements, comports with the rationale of a lien, Apprendi, and the camps. What if, this is not your case, but what if hypothetically all of the testimony and evidence occurs only, I mean pertains only to facts after the date of the predicate? I think we still have to look at it. Not the predicate offense, but the offense in question. Yes, sir, and I think that what we have to do is look at whether or not this is a procedural question, which I submit that it is. And I think going and looking at the Acolina cases is helpful here because the Aco cases tell us it doesn't matter whether or not this conviction actually is a proper predicate if we don't follow the proper procedures in analyzing it. If we look at documents that we're not otherwise allowed to under the Aco- So what's the answer to my question? I'm sorry? What's the answer to my question? Let's suppose the testimony and evidence- Yes, sir. Is only the criminal activity or the activity involving the conspiracy occurred after the offense. I think potentially it does because this is- It does what? I think potentially it would require a jury find specifically. You think it would still require a jury find, even though all the testimony and evidence is as pertains to activity on a later date? I think so because what the Sixth Amendment is designed to protect is the procedures in place here. And admittedly, that's a slightly different scenario because they are the procedures in place. And again, I think we would have to look to see how the indictment was drafted in that particular context. But the Sixth Amendment is designed to protect the procedures at play here. And that's when we're looking at the camps and what the procedures the Supreme Court is allowing district courts to look at in evaluating whether or not a prior or a predicate offense properly qualifies under Aco. Similar to what we're looking at here with the 851 enhancement. It's not the existence of a prior conviction, but rather it is whether or not there are facts which a jury found. Not just in the record, but a jury found which make this enhancement proper. And I see that I'm running out of time, and so I'm going to defer to my colleague with the U.S. Attorney's Office and respond to any other questions you may have. Ms. Ewing? I can't hear a word you're saying. Come on up a little closer. I would like the first to cry foul because Mr. Milling did not inform me that he had strep throat before I shook his hand. Yeah, you better talk fast. May it please the court. The government believes that this case can be decided based on its prior 2010 decision in United States v. Boulware. The government thinks it's clear that this error are not an error. We do not concede that it is an error, but if it were an error, it would be harmless. In a more recent 2013 case, Baylor, it was an unpublished case by this court, found that an actual Alleyne error was harmless. So the government first argues that if there was any error, it was certainly harmless. And the reason the government believes that is that as far as I could find and as far as the prosecutor told me, there was no evidence presented of Mr. Washington's participation in the conspiracy prior to his 2004 conviction. Further evidence was... Are you making that representation based on what somebody told you or from your personal  Your Honor, I searched the transcript pretty carefully. I took notice that you indicated that there may be some evidence that he did participate prior to his 2004 conviction. I did not find any, but I will not say 100%, but I will say 99% sure that there was none. Further, and I think this is even more indicative, the jury found him guilty of three counts of using a communications facility, a telephone, during a two-month period in 2011, in furtherance of a felony. Those conversations, and there was testimony that he and Dollar Bill Antonio Williams talked about drug deals 149 times during that two-month period. So I think the fact that the jury found him guilty on those three counts also is indicative. There were six co-conspirators who testified of their dealings with him all had to do with his participation in 2007 or later. There was some reference in the reply brief to Mr. Williams saying that he had indirectly dealt with Mr. Washington, but there was further evidence. Yes, Don A. Reichard did deal with him, was an intermediary for a brief period of time, but Don A. Reichard testified that he met Mr. Washington five years prior to the 2012 trial, so that still doesn't take us back prior to December 2004. I mean, clearly I think that it was simply overwhelming evidence, and the government does not believe that the jury would have ever found Mr. Washington guilty of the conspiracy. It could not have. Limitations would have barred it, wouldn't it? That was brought up as an objection. Barred your limitations? It would have had it not been for the dates of the conspiracy, but if it had been simply prior to the crime, he couldn't have raised it. I mean, in other words, the indictment's 2012, right? Right, Your Honor. There's a five-year statute of limitations. Yes, Your Honor. So if the government couldn't prove an overt act by him within the five-year period of limitations, if the limitations defense is raised, then he gets a judgment of acquittal on count one, doesn't he? Yes, Your Honor, he would. Further, I cannot imagine that the district court would have allowed this to get to the jury had the government been so foolish as to indict simply based on what evidence was available regarding Mr. Washington prior to. Of course, that depends on what defense counsel asks the district court to do. This is true. Going to the lien issue, I think it's a closer call, but the government does believe that the recidivism does not define the crime. It's a factor. It was in regard to a previous crime. The court had defined that it was a prior conviction and it was a 2004 conviction. So it was a factor to the crime. Excuse me, Your Honor. As far as the difference between the current case in Alene and Alene, the defendant was brandishing a gun. It was part of that crime. It was an element. In this case, it was not an element. If the court doesn't have any questions, I will sit down. I think we understand your position. Thank you, Your Honor.  Thank you, Your Honor. Briefly, to return to the facts of this particular case and the impact that that has upon my argument, there was testimony, and Ms. Ewing alluded to this, there was testimony by Mr. Antonio Williams regarding when he actually started engaging in his own criminal conduct. When he increased it, and I think that was in 2003, he started dealing a lot more heavily after he lost his job. And I've made reference to this in my reply brief. He talks about when he started dealing directly with Mr. Washington, but does not talk about when he first started dealing indirectly with Mr. Washington. Your Honors, I have many times argued until I'm blue in the face, both at this court and at the district court, in trying to get a judgment of acquittal as to the sufficiency of the evidence on a conspiracy count. And seldom am I greeted with any relief in those types of cases. Because it is so easy for the government to prove a conspiracy count. Because it doesn't matter how much proof there might be. All it requires is that the jury find that there was an agreement. That's the context of this conspiracy. There was an agreement to break the law. And it can be found based upon circumstantial evidence, based upon a collection of the evidence. But when you look at the reverse side of a conspiracy conviction, and I've tried to outline this in my reply brief, when you look at the reverse side of a conspiracy, it is impossible, because of how broad and nebulous the conspiracy count is, it's impossible to come back and say which piece of evidence, or what collection of evidence or facts a jury relied upon in determining a defendant was guilty of a particular conspiracy. It could be anything. They were not asked, however, in this particular case, when Mr. Washington joined the conspiracy. They were not asked in this particular case whether or not Mr. Washington engaged in conspiratorial conduct subsequent to 2004. Instead, they were only asked, did Mr. Washington join or participate in a conspiracy that began in 2000 and extended until 2012? And that's all they spoke to. That's all their finding tells us. And it's impossible to come back and say that they necessarily concluded as a part of that conspiracy that the defendant engaged in criminal conduct, again, a part of the conspiracy, subsequent to 2004. Do you agree that, as a matter of limitations defense, the government was obliged to offer some evidence, either of an overt act or an express agreement, within five years of the return of the indictment? I do, Your Honor, but that's also the limitations defense has its own limitation of whether or not the attorney raised that particular defense based upon what was presented at trial. And even if we look at the limitations defense, it's two different sides of the same coin. From a judge's or district court's standpoint, he's always or she's always going to be looking to determine whether or not there's any evidence from which a jury may have found guilt within that window, as opposed to whether or not there was any evidence that they could have been found guilty of the conspiracy prior to that time. Yes, ma'am. I'm sorry. But I think the fact that he was convicted of additional counts, count 23, the telephone counts that Ms. Ewing referred to, is evidence of his guilt of those particular substantive counts, but not necessarily evidence of guilt of his participation in the conspiracy subsequent to 2004. And without the jury being asked that specific question, whether it's through the draftsmanship of the prosecutor in defining the scope of the conspiracy more narrowly, or whether or not it's as a part of a special verdict form, or whether or not it's presented during a phase two part of a drug trial when we get into the drug ways. There are clearly ways to ask the jury this question, which were not incorporated here. And again, it's the procedures that DeCamps talks about, it's the procedure that Alene talks about, that it's the jury that needs to make this determination,  Thank you, honors.
judges: William B. Traxler, Jr., Allyson K. Duncan, Andre M. Davis